**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2015



| | |
|---|---|
| KHALIL MOUSA HASSAN, | No. 13-73685 |
| Petitioner, | Agency No. A079-148-437 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015 [**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Khalil Mousa Hassan, a native and citizen of Lebanon, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying as untimely Hassan's motion to reopen based on the alleged ineffective assistance of his prior counsel where he filed the motion approximately eight years after his final order of removal.  *See* 8 C.F.R. § 1003.2(c)(2).  He did not submit evidence sufficient to demonstrate the due diligence necessary to warrant equitable tolling of the filing deadline.  *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (diligence requires petitioner to take "reasonable steps to investigate [any] suspected fraud" or make "reasonable efforts to pursue relief"); *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003) (beginning 90-day limitations period when petitioner became aware of fraud).  Hassan's due process claim therefore fails.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent Hassan contends the BIA erred in declining to reopen proceedings sua sponte, we lack jurisdiction to consider this contention.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**